**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kaylee Krekowski, | No. CV-25-04081-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Hecktech Incorporated, | |
| Defendant. | |

On April 7, 2026, the Court issued its standard preliminary order, which states, in relevant part:

> The Court's standard protective order is available on the Judges' Orders, Forms & Procedures page on the Court's internet site. If the parties agree that discoverable materials should be kept confidential, they may file a stipulation requesting that the Court issue its standard protective order. If the parties wish to propose additional provisions, they may request and stipulate to the additional proposed language, subject to the Court's review. In that case, all language added to the standard order by the parties should be redlined into a Word document using "tracked changes," and the parties' Word document with the tracked changes must be emailed to chambers.

(Doc. 12 at 4-5.)

On July 24, 2026, the parties filed a joint motion for a protective order. (Doc. 29.) The parties did not submit a draft with "tracked changes" for the Court's review, nor did the motion explain why deviations from the Court's standard protective order were necessary—in fact, the motion did not indicate that the parties had proposed any changes to the standard order. In keeping with the Court's procedures when parties seek a protective order but do not propose revisions in conformity with the preliminary order,

the Court issued its standard protective order.  (Doc. 30.)

On July 28, 2026, the parties filed a stipulation to withdraw the Court's standard protective order and substitute an attorney-drafted order.  (Doc. 31.)  The parties attached a draft with "tracked changes" showing extensive revisions and additions to the standard order (Doc. 31-1) and state that their proposed revisions are necessary "to establish the protocols by which a forensic examination will occur."  (Doc. 31 at 2.)

As this Court has explained many times:

> The Court prefers that the parties stipulate to its standard protective order rather than arguing in favor of a modified order.  ***It is not a good use of judicial resources to examine attorney-drafted protective orders to determine whether they conform with the federal and local rules and this Court's procedures***.  Generally, the Court's standard order should suffice.

*Fed. Trade Comm'n v. Noland*, 2022 WL 394734, *1 (D. Ariz. 2022) (emphasis added).

The parties' cursory argument that their proposed revisions are necessary "to establish the protocols by which a forensic examination will occur" (Doc. 31 at 2) does not compel withdrawal of the Court's standard protective order.  As for the parties' agreements as to certain logistics pertaining to forensic examinations, the parties do not need the Court's imprimatur to adhere to their agreements.  When the Court issues a protective order, it is "an enforceable order of the Court" that "reflects the Court's approval of the agreement's terms and suggests that such terms are legally enforceable." *Berne Corp. v. Gov't of the Virgin Islands*, 2011 WL 13228471, *1 (D.V.I. 2011).  The degree of careful examination that would be needed for the Court to turn the parties' agreement regarding logistics into a judicially-enforceable order is not merited here.

Furthermore, the Court's review of the proposed revisions reveals that most of the remaining revisions are superficial and unnecessary, such that the generalities in the Court's standard order will adequately cover the specifics contemplated by the parties. The main substantive revisions the parties propose, aside from the forensic-examination logistics, are the elimination of the Court's procedures regarding sealing requests (Doc. 3-1 at 7-8)—revisions which are unacceptable to the Court.  The Court's procedures regarding sealing requests enable the Court to perform its duty of ensuring that the right

to public access is not breached.  Every request to seal or redact any materials, whether subject to the protective order or not, must satisfy the standards set forth by the Ninth Circuit in this regard, and the Court's procedures facilitate efficient review of such requests.  "The Court rigorously applies this standard, and the existence of a protective order—whether it is the Court's standard protective order or a modified one—has no bearing on that analysis."  *D Stadtler Tr. 2015 Tr. v. Gorrie*, 2023 WL 2708575, *3 (D. Ariz. 2023).  "The mere fact a party has designated certain materials or information as confidential pursuant to an agreement or stipulation does not establish that any legal standard for placing those materials or information under seal has been met."  *Canady v. Bridgecrest Acceptance Corp.*, 2022 WL 4099086, at *1 (D. Ariz. Aug. 15, 2022).

As such, the parties' proposed revisions underscore the importance of using a standard protective order rather than allowing attorneys to draft their own, except in the rare cases in which parties persuasively argue for case-specific amendments that are truly necessary and do not disrupt the Court's own procedures.  "Courts have broad discretion to decide whether a protective order is warranted and, if so, what degree of protection is warranted."  *John Zink Co., LLC v. Zeeco, Inc.*, 2025 WL 2171138, *4 (N.D. Okla. 2025).  The Court will not engage in line-by-line review of the parties' proposed order to see if any of the parties' proposed revisions are, in fact, necessary and unobjectionable.  The parties have had two opportunities to make arguments in favor of these revisions and have failed to advance meaningful arguments.  The Court is satisfied that its standard protective order can and does "establish the safeguards that are warranted under the circumstances."  *Id.*  In short, the Court's standard protective order will suffice.

Accordingly,

**IT IS ORDERED** that the parties' stipulation (Doc. 31) is **denied**.

Dated this 28th day of July, 2026.

_____
Dominic W. Lanza
United States District Judge

- 3 -