**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Kaylee Krekowski,

Plaintiff,

v.

Hecktech Incorporated,

Defendant.

No. CV-25-04081-PHX-DWL

**ORDER**

On September 14, 2026, the parties filed a joint notice of discovery dispute "concerning whether Plaintiff Kaylee Krekowski must travel from New Zealand to Arizona to attend her deposition in person or may instead appear by secure videoconference." (Doc. 35 at 1.) The parties indicated that "Defendant originally noticed the deposition for September 16, 2026," but the parties "agreed to continue it to later in September 2026 to permit orderly resolution of this dispute." (*Id.*)

On September 15, 2026, the Court held a discovery dispute hearing and ruled from the bench, denying Plaintiff's request to appear for her deposition remotely. (Doc. 42.)

On September 22, 2026, Defendant noticed Plaintiff's deposition for October 8, 2026 in Phoenix. (Doc. 49-2 at 22-23.)

On September 30, 2026, Plaintiff filed[1] a motion for reconsideration of the Court's September 15, 2026 ruling from the bench, asserting that Plaintiff's counsel's "statements

[1] Plaintiff lodged the motion the day before and filed a motion for leave to file the motion. (Doc. 45.) Defendant did not oppose leave to file the motion (Doc. 46) and the Court granted leave (Doc. 48).

at the September 15 hearing did not accurately convey Plaintiff's position" and maintaining that, specifically, Plaintiff's counsel's statement that his client "can travel when it's longer durations" was "inaccurate." (Doc. 49 at 2-3.) In support, Plaintiff offers a declaration (Doc. 49-1) and two new letters from medical providers (Doc. 49-2 at 17-20). Defendant opposes the reconsideration request on a variety of grounds. (Doc. 52.)

"The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1). Reconsideration is an "extraordinary remedy" that is available only in "highly unusual circumstances." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Motions for reconsideration are disfavored . . . and are not the place for parties to make new arguments not raised in their original briefs. Nor is reconsideration to be used to ask the Court to rethink what it has already thought." *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003) (citations omitted). *See also FTC v. Noland*, 2022 WL 901386, *3 (D. Ariz. 2022) ("Local Rule 7.2(g) . . . [creates] essentially the same standard a district court outside the District of Arizona...would apply when resolving a reconsideration motion under Rule 54(b).") (citation omitted); Gensler, Federal Rules of Civil Procedure, Rules and Commentary, § 54:17 (June 2026 update) ("Rule 54(b) is not a mechanism to get a 'do over' to try different arguments or present additional evidence when the first attempt failed. . . . [R]econsideration of an interlocutory ruling under Rule 54(b) is typically appropriate only to consider newly discovered evidence that previously was not available, to address an intervening change in the law, or to correct a clear error rendering the initial decision manifestly unjust.").

The Court has carefully reviewed both sides' submissions and agrees with Defendant that reconsideration is not warranted. As Defendant correctly notes, "the reconsideration standard concerns an error or genuinely unavailable evidence—not whether a party, after losing, wishes it had presented its evidence or position differently." (Doc. 52 at 3.) Furthermore, even taking the new letters on their own terms, the Court

agrees with Defendant's assessment as to why they need not be uncritically accepted:

> Neither [letter] attaches treatment notes or underlying medical records. Neither addresses Plaintiff's extensive prior international travel or any reasonable travel accommodations in any meaningful detail, nor do they identify that they are aware of the purpose of Plaintiff's travel to the United States. And neither permits Defendant—or the Court—to determine the medical foundation for the ultimate conclusion being offered.
>
> Dr. Farrell is a physiotherapist and lecturer, not one of the physicians previously identified by Plaintiff as treating the psychiatric, gynecological, rheumatological, endocrine, or other medical conditions underlying her claimed disability and damages. His September 23 letter repeatedly identifies Plaintiff's self-reported history as the basis of his concern.
>
> Dr. Chiu's letter is even more conclusory. It provides essentially an ultimate conclusion that Plaintiff is presently unfit for long-haul flight, without explaining the medical facts upon which that conclusion rests.
>
> The circumstances of the September 29 assessment further warrant caution. Dr. Chiu practices through Pocket Lab, that publicly advertises online medical certificates following telehealth consultation. That business model does not itself invalidate Dr. Chiu's opinion, but it underscores why the underlying medical foundation matters here—particularly where Plaintiff elected to obtain this litigation-specific opinion through a same-day telehealth consultation rather than from one of the longitudinal providers she previously disclosed as treating the conditions at issue.

(*Id.* at 6.)

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Doc. 49) is **denied**. Plaintiff shall be deposed in Phoenix, in person, on October 8, 2026 at 9:00 a.m., in accordance with the amended notice of deposition. (Doc. 49-2 at 22-23.)

**IT IS FURTHER ORDERED** that Plaintiff's counsel's motion to withdraw with client consent (Doc. 51) is **granted**. Plaintiff's counsel shall email a copy of this order and the notice to pro se litigants that the Clerk will file shortly to Plaintiff at k.krekowski@gmail.com, after which Joshua Black and the Law Office of Joshua Black, PLC are withdrawn as counsel of record for Plaintiff Kaylee Krekowski and are relieved

of any further responsibility as counsel in this matter. Unless and until substitute counsel appears on her behalf, Plaintiff Kaylee Krekowski shall proceed pro se. All existing deadlines, hearings, discovery obligations, and other requirements imposed by the Court remain in effect unless otherwise modified by separate order of the Court.

**IT IS FURTHER ORDERED** that the Clerk of Court shall update the docket to reflect Plaintiff's contact information (as set forth in the motion to withdraw) as follows:

Kaylee Krekowski
1155 S. Power Road, Suite 114, PMB 835
Mesa, Arizona 85206
Telephone: (936) 714-4037
Email: k.krekowski@gmail.com

**IT IS FURTHER ORDERED** that by October 9, 2026, Plaintiff file either a notice of change of address or a notice confirming that the Mesa address is her proper mailing address.

Dated this 2nd day of October, 2026.

Dominic W. Lanza
United States District Judge